UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
VERONICA L. HOLDER,                  :
                                     :
                    Plaintiff,       :   07 Civ. 2906 (BSJ)
         v.                          :   **Order**
                                     :
MICHAEL ASTRUE,                      :
Commissioner of Social Security      :
                                     :
                    Defendant.       :
                                     :
------------------------------------ X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/09

Before the Court is Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Plaintiff filed the instant Motion on June 6, 2008. To date, the Court has received no opposition from the Government. Accordingly, the Court now decides the Motion unopposed. For the reasons set forth below, Plaintiff's Motion is GRANTED.

### DISCUSSION

The Equal Access to Justice Act provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was

1

>     substantially justified or that special circumstances make
>     an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, a Plaintiff is entitled to an award of attorney's fees pursuant to the Act if the Plaintiff is the "prevailing party," the position of the government was not "substantially justified," and no "special circumstances" exist that render an award of fees unjust.

In this case, Plaintiff obtained judgment and remand to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has made clear that a plaintiff who obtains such judgment and remand is considered to be a "prevailing party" with respect to 28 U.S.C. § 2412(d). Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). Accordingly, the Court finds that Plaintiff is a "prevailing party" in this action.

With respect to the requirement that the Government's position not be substantially justified, once a fee applicant alleges that the Government's position was not substantially justified, the burden switches to the Government to demonstrate that its position was substantially justified. See Scarborough v. Prinicpi, 541 U.S. 401, 416 (2004); Commodity Futures Trading Comm'n v. Dunn, 169 F.3d 785, 786 (2d Cir. 1999). In this case, Plaintiff alleged in her papers that the position of the United States in this litigation was not substantially justified.

Given that the Government has not submitted any papers in opposition to Plaintiff's Motion, and thus has not given the Court any reason to believe that its position was "substantially justified," the Court finds that the Government has not met its burden.  Similarly, the Court has been given no reason to think that any special circumstances exist that would render an award of attorney's fees unjust.

Accordingly, the Court finds that Plaintiff is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees is GRANTED and fees totaling $9,338.75[1] are hereby awarded to Plaintiff's attorneys.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          April 2, 2009

---

[1] This number represents 57.70 hours of work at a rate of $161.85 per hour.

3